UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

KENNETH STANLEY LISZEWSKI,

Case No.:    8:11-bk-11775-MGW
Chapter 11

Debtor.
_____/

### FIRST AMENDED PLAN OF REORGANIZATION

**COMES NOW Kenneth Stanley Liszewski**, (hereinafter referred to as the "Debtor" or "Dr. Liszewski"), by and through his undersigned attorneys, and files this his First Amended Plan of Reorganization (hereinafter referred to as the "Plan") intending to amend, restate and supercede the Plan of Reorganization filed on November 7, 2011 (Doc. No. 63) and states as follows:

SUMMARY

On June 21, 2011, the Debtor filed a Voluntary Petition of Bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code.

The Debtor is a married individual who resides in Sarasota, Florida. He is a dentist and operates his dental practices through BayView Dental Health Professionals PA. (the "Corporation"). The Corporation was recently formed by consolidating the management company and five practice locations currently d/b/a Bay View Dental Associates (BVDA Management Corp.); BayView Dental Associates I, P.A.; Bay View Dental Associates II, P.A.; Bay View Dental Associates III, P.A.; Bay View Dental Associates IV, P.A.; Bay View Dental Associates V, P.A. (collectively the "Subsidiaries"). The Debtor also owns Sarabay LLC, the property holdings company for BayView Dental Health Professionals ("Sarabay"). On January 27, 2011, Sarabay filed a Voluntary Petition of Bankruptcy pursuant to Chapter 11 of the US Bankruptcy Code. *This Plan is contingent on simultaneous confirmation of a Plan of Reorganization in the Sarabay bankruptcy case.*

In addition, the Debtor is also a member of Landstar LLC, a real estate investment company which owns and operates various commercial and residential real estate properties. Due to the downturn in the economy, the Debtor has experienced a significant decline in value and revenue from his various investments, which has caused a decline in his personal income and networth.

This Plan is designed to offer creditors an opportunity to recover maximum value while at the same time enable the Debtor to retain his homestead and continue his still profitable dental practice.

1

A. **UNCLASSIFIED CLAIM(S)**:

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the plan Proponent has not placed the following claims in any class:

1. Administrative Expense Claims. Administrative expenses are costs or expenses of administering the Debtor's chapter 11, case which are allowed under §507 (a) (2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

Estimated administrative expenses are Twenty Thousand Dollars ($20,000.00) in attorney and accounting fees and shall be paid on or before confirmation or upon entry of an Order, if Court approval is required, or as otherwise agreed to by the parties. The cost of the Clerk of Court for notices and the United States Trustee's quarterly fees will be paid on or before the confirmation hearing.

2. Priority Tax Claims. Priority tax claims are unsecured income, employment, and other taxes described by §507(a) (8) of the Code. Unless the holder of such a §507 (a) (8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding five (5) years from the order of relief. Their proposed treatment under the Plan:

   a) 11 U.S.C. Section 5071a) (8) - Taxes and Certain other Debts Owed to Governmental Units:

      i. Internal Revenue Service: This claimant shall be paid its allowed claim, in full within five (5) years after the date of the order for relief and in a manner not less favorable than the most favored non-priority unsecured claim provided for by the Plan. Pursuant to Section 1129 (a) (9) (C) and (D), this claim must be paid no later than five (5) years after the date of the Order of relief (the "Petition Date"). This claim will be paid with the statutory interest at the rate in effect at the time of confirmation. This claim will be paid in monthly installments commencing thirty (30) days from the entry of the confirmation order.

      ii. Department of Revenue: This claimant shall be paid their allowed claim, in full within six (6) years from the date of assessment shown on the proof of claim plus interest at the rate set forth in the Internal Revenue Code, Section 6601 and 6621, in equal monthly installments.

   b) 11 U.S.C. Section 507 (a) (3) - Wages, salaries and commissions:

2

These claimants, if any, shall be paid their allowed claim at the statutory rate without interest within ninety (90) days of the entry of the confirmation order.

**B.    CLASSIFICATION OF CLAIM(S):**

1.    <u>Unimpaired</u>: The Unclassified claims are unimpaired. All other claims that are not impaired under this Plan in accordance with Section 1124 of the Bankruptcy Code are as follows:

| Class IX (Unsecured – Personal Guaranty on Debtors' Business Equipment Leases) | Unsecured Claims associated with the Debtor's personal guaranty of Business Leases including the following Claimants:<br>1. Gulf Business Systems<br>2. Marlin Business Bank<br>3. Northern Leasing Systems, Inc.<br>4. Patterson Financial |
|---|---|

2.    <u>Impaired</u>: The treatment prescribed for claims in the Plan and the Disclosure Statement shall in all events refer exclusively to the allowed amount of each respective claim. In the event, the allowed amount of any claim is not determined by agreement or otherwise, prior to the effective date, then the treatment prescribed shall be deemed effective as of the date of the determination of the allowed amount of each claim by agreement or through the entry of a final order. Notwithstanding confirmation of the Plan, the Debtor shall have the right to object to any claim for any reason authorized by applicable bankruptcy and non-bankruptcy law as well as a right to assert that any claim includes amounts subject to equitable subordination or other equitable relief. The claims in following classes are impaired under the Plan:

| Class I (Secured) | BB&T Bank (1st Mortg. Bay View) |
|---|---|
| Class II (Secured) | First State Bank f/k/a Stearns Bank (2nd Mortg. Bay View) |
| Class III (Secured) | Aurora Loan Services (1st Mortg. East Avenue) |
| Class IV (Secured) | Steven Silverman and Jason Humphries (2nd Mortg. East Avenue) |
| Class V (Secured) | Captain Ron Gauthier (Luhrs Boat and 21' Pathfinder) |
| Class VI (Secured) | Northern Trust (Luhrs Boat) |
| Class VII (Secured) | BB&T (Personal Property – Judgment Lien) |
| Class VIII (Secured) | County Tax Collectors |
| Class X (Unsecured) | General Unsecured Creditors |

3.  <u>Impairment Controversies</u>: If a controversy arises as to whether any Claim, or any class of Claims, is impaired under the Plan, the Bankruptcy Court shall determine such controversy.

C.  **PROVISIONS FOR THE TREATMENT OF IMPAIRED CLASSES:**

The Creditors were divided into classes, depending on the nature of their respective interest, and the treatment to be afforded under the Plan. Impaired classes and their intended treatment are set forth below:

1.  <u>Class I</u>: Class I shall consist of the secured claim of **BB&T Bank,** who holds a security interest in real property of the Debtor located at 1505 Bay View Drive, Sarasota, FL 34239 (the "Bay View Property"). The Debtor's loan will be modified only to the extent that interest rate shall be fixed for the remaining term of the loan at 3% continue making the payments in accordance with the loan documents. The Class I claimant will retain its lien post-confirmation to the same extent, validity and priority as existed pre-petition.

2.  <u>Class II</u>: Class II shall consist of the secured claim of **First State Bank n/k/a Stearns Bank,** who holds a security interest in the Bay View Property. The Creditor will have an allowed secured claim in the amount of $325,000.00 Secured Claim and an allowed general unsecured claim for the remainder of the undisputed claim balance. The Secured Claim will be amortized over 20 years at 3.6% with a maturity of 36 months from the date of execution of restructured loan documents in accordance with this Plan. In addition, First State Bank will stipulate to the bifurcation of its second mortgage upon the Bay View Property into Secured and General Unsecured Claims pursuant to Classes II and IX and retain its Class II secured lien only to the extent of $325,000. Confirmation of this Plan shall be contingent on confirmation of the Sarabay Plan. The Debtor agrees to (i) provide current personal financial information to the Class II Secured Creditor, including federal income tax returns, on an annual basis and agrees to insure the Bay View Property for all perils (including but not limited to hazard, wind, and flood) and naming the Class II Secured Creditor as a 2nd mortgagee on the policy, (ii) release all claims against the Class II Secured Creditor, (iii) maintain the Bay View Property and pay all taxes and assessments when they come due or pursuant to this Plan, and (iv) execute all documents necessary to reflect the modifications to the loan documents provided for in this Plan.

3.  <u>Class III</u>: Class III shall consist of the secured claim of **Aurora Loan Services,** who holds a security interest in real property of the Debtor located 3219 East Avenue South, Sarasota, FL 34239 ("the East Avenue Property"). The Debtor agrees to consent to stay relief or *surrender* the East Avenue Property to the secured lenders in total satisfaction of the claims. Any deficiency balance of these creditors' claims, as allowed or agreed to by the parties, shall be treated as a general unsecured claim in Class X. If a proof of claim is not timely filed, it will be barred.

4.  <u>Class IV</u>: Class IV shall consist of the secured claim of **Steven Silverman and Jason Humphries,** who hold a security interest in real property of the East Avenue Property. The Debtor agrees to consent to stay relief or *surrender* the East Avenue Property to the secured lenders. Any deficiency balance of these creditors' claims, as allowed or agreed to by

the parties, shall be treated as a general unsecured claim in Class X. If a proof of claim is not timely filed, it will be barred.

5. <u>Class V</u>: Class V shall consist of the secured claims of **Captain Ron Gauthier,** who claims a security interest in personal property of the Debtor identified as the 2006 "Luhrs Boat" and "21' Pathfinder." The Debtor agrees to consent to stay relief or *surrender* the Luhrs Boat and the 21' Pathfinder to the secured lenders. Any deficiency balance of these creditors' claims, as allowed or agreed to by the parties, shall be treated as a general unsecured claim in Class X. If a proof of claim is not timely filed, it will be barred.

6. <u>Class VI</u>: Class VI shall consist of the secured claim of **Northern Trust,** who holds a security interest in the Luhrs Boat. The Debtor agrees to consent to stay relief or *surrender* the Luhrs Boat to the secured lenders. Any deficiency balance of these creditors' claims, as allowed or agreed to by the parties, shall be treated as a general unsecured claim in Class X. If a proof of claim is not timely filed, it will be barred.

7. <u>Class VII</u>: Class VII shall consist of the secured claim of **BB&T (POC #7),** who holds a security interest in the personal property of the Debtor pursuant to a Judgment Lien. The Debtor estimates that the value of the personal property subject to the Class VII Secured Creditor's lien equals $28,854 as more fully set forth in the liquidation analysis attached as **Exhibit B** to the First Amended Disclosure Statement to the First Amended Plan of Reorganization filed along with this Plan. The Debtor agrees to an allowed Class VII Secured Claim of $28,854.00 (the "Allowed Class VII Secured Claim"). The Debtor shall pay the Class VII Secured Creditor the Allowed Class VII Secured Claim with interest at 5.25% over 60 months with the first payment due on the one month anniversary of the Effective Date. The remainder of the Class VII claim shall be allowed in its entirety and shall be treated as a general unsecured claim in Class X. If a proof of claim is not timely filed, it will be barred.

8. <u>Class VIII</u>: Class VIII shall consist of the secured claim of **County Tax Collectors,** who hold a statutory security interest in the real and personal property of the Debtor. The County Tax Collectors will be paid in full via equal monthly installments over 60 months beginning 30 days from the Effective Date amortized over 60 months with interest at the statutory rate. The County Tax Collectors will retain their pre-petition liens in the Debtor's real and personal property.

9. <u>Class X</u>: Class X shall consist of the **general unsecured** claims. Creditors in this class shall be paid the Debtor's projected disposal income (the "PDI") via 60 equal distributions without interest on a pro rata basis according to the allowed amount of their claims commencing on the one month anniversary of the Effective Date.

Promissory Notes will be issued to each creditor in this Class with allowed claims to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction.

5

## MEANS FOR IMPLEMENTATION

The Debtor's Plan will be funded by the projected disposable income of the Debtor to be received during the 5 year period beginning on the date that the first payment is due under the Plan.

The Debtor's Plan is proposed in good faith and not by any means forbidden by law. The Debtor's projected disposable income ("PDI") under this Plan totals $124,488. **Exhibit C** to the First Amended Disclosure Statement to the First Amended Plan of Reorganization filed along with this Plan sets forth the income and expenses used to calculate the Debtor's PDI during the 5 year period following confirmation of the Plan.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor assumes all executory contracts and unexpired leases, if any.

## RETENTION OF JURISDICTION

Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

a. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

b. The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

c. The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the plan;

d. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

e. The enforcement and interpretation of the terms and conditions of this Plan;

f. The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary;

g.  The entry of an order concluding and terminating this case.

## GENERAL PROVISIONS

<u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A.

<u>Effective Date</u>. The Effective Date of this Plan is the 15th day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated. The Debtor will file a notice of Effective Date following entry of the order of confirmation of the Plan.

<u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

<u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

<u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

<u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

<u>Modification of Plan</u>. The Debtor may modify the Plan at any time before confirmation of the Plan. However, the Court may require circulation of a new disclosure statement to and/or re-voting on the Plan by any class of claims treated in less favorably by any such modified Plan. The Debtor may also seek to modify the plan at any time after confirmation only if (1) the Plan has not been substantially consummated; and (2) the Court authorizes the proposed modification after notice and a hearing.

## REQUEST FOR FINAL DECREE IN INDIVIDUAL CASE

The Debtor respectfully requests that upon filing proof the confirmed Plan of Reorganization is substantially consummated under Bankruptcy Code Section 1101(2), the Court enter a Final Decree under the following terms and conditions:

a. Confirmation of an individual Debtor's Plan does not discharge any debt provided for in the plan until the Court grants a discharge on completion of all payments under the Plan, or as otherwise provided in Section1141 (d) (5) of the Bankruptcy Code. The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except provided in Fed. R. Bankr. P. 4007(c).

b. After this Chapter 11 case is fully administered, the Debtor will seek entry of a Final Decree under Fed. R. Bankr. P. 3022 administratively closing the chapter 11 case without entry of a discharge. Upon completion of all payments under the plan or as otherwise available to the Debtor under Section 1141(d) (5) (B) of the Code, and certification of completion of an instructional course concerning personal financial management, the Debtor intends to file a Motion to Reopen the Case for the limited purpose of obtaining a Discharge.

*[Remainder of Page Intentionally Left Blank]*

This First Amended Plan of Reorganization is dated as of December 23, 2011.

_____
Kenneth Stanley Liszewski

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of December, 2011, a true and correct copy of the foregoing *Plan of Reorganization* has been furnished by CM/ECF Electronic Mail to:

United States Trustee - TPA, USTPRegion21.TP.ECF@USDOJ.GOV

Respectfully submitted,

/s/ Tonya Willis Pitts

Richard J. McIntyre, Esquire
Florida Bar No. 0962708
rich@mcintyrefirm.com
Tonya Willis Pitts, Esquire
Florida Bar No. 0489050
tonya@mcintyrefirm.com
Christopher C. Todd, Esquire
Florida Bar No. 72911
chris@mcintyrefirm.com
McIntyre, Panzarella, Thanasides
  Hoffman, Bringgold & Todd, P.L.
400 N. Ashley St., Ste. 1500
Tampa, Florida 33602
(813) 899-6059
(813) 899-6069 (Facsimile)
*Attorneys for Debtor*